IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3277-FL

| | |
|---|---|
| RAHYIM D. ALLAH a/k/a MARCUS A. GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER WADE, CAPTAIN MOSELY, OFFICER MICHAEL JACKSON, and THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, )<br>)<br>Defendants. ) | ORDER |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion for declaratory judgment and for summary judgment (DE 9). In this posture, the issues raised are ripe for adjudication.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although

frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against defendants Officer Wade ("Wade"), Captain Mosely ("Mosely"), Officer Michael Jackson ("Jackson"), and the North Carolina Department of Public Safety ("DPS"). Plaintiff alleges that defendant Wade "unconstitutionally seized [his] private property and religious material which consisted also of law material and legal papers written for state court civil actions." (Compl. p. 3.) Then, on September 15, 2014, defendant Jackson "intervened by submitting [his] private property and religious materials to a third party Unit Manager McKinnon." (Id. p. 4.) Defendant Mosely declared plaintiff's property to be contraband and "non-religious." (Id. p. 5.) On September 30, 2014, defendants inventoried plaintiff's property and generated a "DC-160," (Id.) Plaintiff states that defendants "jointly, privately, publicly, individually, and officially conspired to deprive [him] of private property for public use without just compensation . . . " and denied plaintiff his right "to the exercise of [his] religious beliefs and practices." (Id. p. 4.)

Plaintiff alleges that the deprivation of his property violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Beginning with plaintiff's procedural due process claim, he is not entitled to relief because even "an

2

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008). Here, an adequate post-deprivation remedy is available to plaintiff in state court. See e.g., Wilkins v. Whitaker, 714 F.2d 4, 6-7 (4th Cir. 1983). Because plaintiff has an adequate post-deprivation remedy in state court, his procedural due process claim fails.

As for substantive due process, the Fourth Circuit defines it as "an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement those actions." Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Virginia, 135 F.3d 275, 287-88 (4th Cir. 1998) (internal quotation omitted). The substantive due process check "is warranted only where no process could cure the deficiencies in the governmental action . . . In other words, governmental action offends substantive due process only where the resulting deprivation of life, liberty, or property is so unjust that no amount of fair procedure can rectify it." Id. In this case, the court does not find the alleged deprivation so unjust as to be incapable of avoidance by any procedural protections. Moreover, post-deprivation state remedies are available to plaintiff. Thus, plaintiff has not alleged a substantive due process violation.

To the extent plaintiff asserts that defendants interfered with his religious practice in violation of the First Amendment to the United States Constitution, plaintiff failed to allege facts sufficient to state a claim. The First Amendment protects an inmate's right to the free exercise of

3

religion. U.S. Const, Amend. I. To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show (1) that he holds a sincere belief that is religious in nature and (2) that prison regulations impose a substantial burden on his right to free exercise of religion. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). The Supreme Court defines a "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981), or one that forces a person to "choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion ... on the other hand," Sherbert v. Verner, 374 U.S. 398, 404 (1963).

In this case, plaintiff does not allege what religious property was taken, what religion he practices, or that the alleged deprivation of the property burdened his right to the free exercise of his religion. Due to these factual inadequacies, the court DISMISSES this claim without prejudice. See Ashcroft v. Iqbal, 556 U.S. 662, 663, 678–79 (2009) (stating that a complaint must state "a plausible claim for relief," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"); White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required to state a constitutional claim).

To the extent plaintiff contends that the alleged taking of his legal material interfered with his First Amendment right to access courts, this claim too fails. In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of

4

Case 5:14-ct-03277-FL   Document 12   Filed 05/20/15   Page 4 of 7

fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

In this case, plaintiff makes vague and conclusory allegations that defendants confiscated "papers written for state court civil actions." However, plaintiff does not allege that any nonfrivolous legal claim had been frustrated or impeded due to the alleged loss of his property. Based upon the foregoing, the court finds that plaintiff has not alleged any actual injury, and thus fails to state a claim for denial of access to the courts. Thus, this claim is DISMISSED without prejudice.

Finally, plaintiff alleges that defendants conspired to deprive him of his personal property. Plaintiff provides no factual support for his conspiracy claim. Instead, plaintiff relies upon his conclusory allegations of conspiracy, which are not sufficient to state a conspiracy claim. See Wiggins v. 11Kew Garden Court, 497 F. App'x 262, 264 (4th Cir. 2012) ("To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."); Miller v. DeMarino, No. 1:01CV183, 2002 WL 32096597, at *1 (N.D.W. Va. Apr. 24, 2002) (finding that naked assertions of a conspiracy are not sufficient to support an action pursuant to 42 U.S.C. § 1983), aff'd, 45 F. App'x 292 (4th Cir. 2002). Thus, the court DISMISSES plaintiff's conspiracy claim without prejudice for failure to state a claim.

5

On alternative grounds, the court dismisses plaintiff's action without prejudice because it is clear from the face of his complaint that plaintiff failed to exhaust his DPS administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may dismiss a complaint sua sponte for failure to exhaust administrative remedies where the plaintiff's failure to exhaust is apparent from the face of a complaint. Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint ..., a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.") Specifically, the court in Anderson stated as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to

> exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

Here, plaintiff admits in his complaint that he failed to present the facts relating to the instant action to the state inmate administrative remedy process. (Compl. ¶ 2.) Plaintiff appears to justify his omission by stating that this action is a "private action." Id. However, the United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. There is no exception for "private actions." When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, because plaintiff failed to exhaust his administrative remedies for the claims he set forth in his complaint before filing this action, the court, alternatively, dismisses these claims without prejudice for failure to exhaust.

In summary, the court DISMISSES this action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Alternatively, plaintiff's action is DISMISSED without prejudice for failure to exhaust administrative remedies. Because the court dismissed this action, plaintiff's motion for declaratory judgment and motion for summary judgment (DE 9) are DENIED as MOOT.

SO ORDERED, this the 20th day of May, 2015.

LOUISE W. FLANAGAN
United States District Judge